RECEIVED
IN ALEXANDRIA, LA.

JUN 1 1 2013

TONY R. MOORE, CLERK
BY_____
              DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| IVAN WEBB | : | DOCKET NO. 12-02644 |
| VS. | : | JUDGE TRIMBLE |
| TOWN OF ST. JOSEPH AND EDWARD BROWN | : | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before the court is a "Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(1) and for Failure to State a Claim Upon Which Relief can be Granted Pursuant to Federal Rule of Civil Procedure 12(b)(6)" ( R. #5) and a "Supplemental Motion to Dismiss" ( R. #35) filed by defendants, the Town of St. Joseph, Louisiana and its Mayor, Edward L. Brown.

In his complaint, plaintiff asserts that defendants violated his due process rights as protected by the Fourteenth Amendment to the U.S. Constitution; he also claims a violation of the Thirteenth Amendment to the U.S. Constitution. In the first motion to dismiss, defendants seek to dismiss the instant lawsuit for lack of subject matter jurisdiction and because the complaint fails to state a claim upon which relief can be granted. Specifically, defendants maintain that plaintiff has failed to allege sufficient facts to vest the court with jurisdiction. Defendants also maintain that plaintiffs' claim of involuntary servitude by offsetting his pay as an Alderman to collect a judgment is insufficient because at no time was plaintiff compelled to work as an Alderman.

After filing the first motion to dismiss, plaintiff sought leave of court to amend his complaint;

the motion was granted.  The amended complaint modified paragraph 1 of the complaint to assert

jurisdiction based on 28 U.S.C.A. § § 1331 and 1343(3). The amended complaint alleges violations

of due process pursuant to the Fourteenth Amendment of the U. S. Constitution and Louisiana

Constitutional Article I § 2, and violations of plaintiff's right to be free from excessive fines secured

by the Eighth Amendment of the United States Constitution and La. Const. Art. I § 20.  The amended

complaint therefore removes plaintiff's claims of violation of the Thirteenth Amendment to the

United States Constitution and Louisiana Constitution article I § 3 (involuntary servitude).

Subsequent to the complaint being amended, defendants filed a supplemental motion to

dismiss to address the new allegations asserted in the amended complaint.  Defendants maintain that

plaintiff's complaint must be dismissed because it fails to state a cause of action and/or is prohibited

under the doctrine of res judicata.

## **FACTUAL ALLEGATIONS**

Plaintiff, Ivan Webb, makes the following allegations: Mr. Webb is an elected member of

the Board of Aldermen of the Town of St. Joseph. Mr. Webb's father owned a tract of land located

in St. Joseph, Louisiana.  Before he died (on June 8, 2012), Mr. Webb successfully petitioned the

St. Joseph Board of Alderman for a permit to place a mobile home on his father's property.  Plaintiff

also requested permission to place several other mobile homes on the property in the future. Mr.

Webb's re-application to the Board of Alderman for a permit to move the second mobile home onto

his father's property was denied. Without permission, plaintiff placed a second mobile home on the

property.

On February 7, 2007, the Town of St. Joseph issued a ticket alleging a violation of the town

ordinance. The ticket alleged that Mr. Webb violated Section 19-13 of the Town Ordinances by

moving mobile homes onto his father's property without a permit.

After a trial, the judge found that Mr. Webb had violated the ordinance and imposed a fine of $100.00 per day for every day the trailer was on the property. Plaintiff appealed to the state district court which also found that plaintiff was in violation of the ordinance. The court rendered judgment against plaintiff in the amount of $58,200.00 for 582 days beginning February 14, 2007 through the trial date. Plaintiff filed a motion for appeal from the district court judgment; the appeal was dismissed due to plaintiff's failure to pay the appeal costs.

In October 2010, defendant began seizing 100% of Mr. Webb's wages earned as an Alderman, equivalent to five hundred dollars a month. Pursuant to the issuance of a writ of *fieri facias* issued by the 6th Judicial District Court, and still in full force, effect and of record, the state court ordered that two of Mr. Webb's lots in the Town of St. Joseph be seized and sold.

In December 2010, Mr. Webb filed a motion to annul judgment and stay proceedings based on the judgment being an absolute nullity because the $58,200 judgment exceeded the jurisdictional limits of the Mayor's Court. He also alleged that he had been deprived of due process of law. The Sixth Judicial District Court denied the motion.  On March 14, 2012, the Louisiana Second Circuit Court of Appeal annulled the judgment finding that the fine imposed was illegal because the charging instrument gave notice for only one offense.  The Court of Appeal amended the sentence to $100 for a one day violation.[1]  The Louisiana Supreme Court denied defendants' application for writs of review.

## LAW AND ANALYSIS

---

[1]  Town of St. Joseph v. Ivan Webb, 87 So.3d 958 (La.App. 2 Cir. 3/14/12).

3

Defendants maintain that plaintiff has failed to assert any factual allegations sufficient to vest this court with jurisdiction, and that the factual allegations in the complaint show that the stated bases of jurisdiction are not present. Specifically, defendants argue that the complaint fails to allege a violation of due process of law under the Fourteenth Amendment. Defendants remark that after the Mayor's court rendered a money judgment against him, plaintiff appealed. The appeal was dismissed due to Mr. Webb's failure to pay the cost of the appeal.  Mr. Webb was eventually successful in having the Judgment annulled by the Second Circuit Court of Appeal.  Hence, defendants assert that there is no due process violation as to the judicial process.

Mr. Webb maintains that defendants are violating his due process rights by continuing to enforce the unconstitutional judgment against him even after the Louisiana Second Circuit Court of Appeal has ruled in his favor and annulled the judgment. Mr. Webb complains that the Town of St. Joseph continued to withhold his Alderman's salary until October 2012, the date this suit was filed. Consequently, from the time Mr. Webb was elected to the Alderman's position (October 2010) until October 2012, he received no salary. Furthermore, plaintiff remarks that the Town of St. Joseph has failed to return to Mr. Webb the salary it withheld.

Mr. Webb also complains in his memorandum that defendants have failed to withdraw the writ of *fieri facias*  which they caused to be issued with regard to his property and are still in possession of the proceeds from the Sheriff's sale of one of plaintiff's lots.

Defendants argue that there is no constitutional violation because they had a right to enforce a facially valid judgment, and thus the Town's actions did not violate plaintiff's constitutional rights. Defendants further maintain that plaintiff "has neither a factual nor a legal basis to recover damages

4

for the now-vacated fine."[2] Defendants also maintain that even if the fine imposed was excessive (which they deny), that fine is no longer at issue. Thus, there is no factual basis for plaintiff's claims under the Eighth Amendment. In other words, defendants posit that plaintiff's allegations of an excessive fine could only have been asserted as a defense to defeat the imposition of the fine.

Plaintiff remarks that the Mayor's Court is not statutorily authorized to impose fines in excess of five hundred dollars ($500.00). Under Louisiana Revised Statute § 33:362, on October 8, 2008, the defendants began efforts to enforce a judgment that originated in the Mayor's Court which ordered Mr. Webb to pay a fine of $58,200 for a violation of a town ordinance. Plaintiff asserts that the Eighth Amendment limits the government's ability to "extract payments, either in case or in kind as *punishment* for some offense.*"[3] Plaintiff remarks that the touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality; the amount of the forfeiture must bear some relationship tot he gravity of the offense that it is designed to punish.[4]

Defendants maintain that the instant action must be dismissed under the doctrine of res judicata. One concept of res judicata referred to as claim preclusion, treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim or cause of action.[5] Under claim preclusion, the effect of a judgment extends to the litigation of all

---

[2] Supplemental Motion to Dismiss, R. #30-1, p. 1.

[3] Austin v. U.S., 509 U.S. 602, 610 (1993).

[4] See U.S. v. Bajakajian, 524 U.S. 321, 354-55 (1998).

[5] Sea-Land Services, Inc. v. Gaudet, 414 U.S. 573, 578-79, 94 S.Ct. 806 (1974).

issues relevant to the same claim between the same parties, whether or not raised at trial.[6]

To determine if claim preclusion is applicable, four conditions must be met: (1) the parties in the later action must be identical to, or at least in privity with the parties in the prior action, (2) the judgment in the prior action must have been rendered by a court of competent jurisdiction, (3) the prior actions must have concluded with a final judgment on the merits, and (4) the same claims or cause of action must be involved in both suits.[7]

Defendants maintain that the parties are identical in this suit to the parties in the prior suit and the Louisiana Second Circuit Court was a court of competent jurisdiction.  The parties in the instant suit are the same parties in the previous suit.  Defendants further maintain that the judgment was a final judgment.  Plaintiff does not contest this.  Finally, defendants maintain that the same claims that plaintiff asserted in the previous  matter (that the fine was improper and/or illegal) are the same claims he asserts in this case.  Defendants remark that if a party does not raise a claim or a defense in the prior action, that party waives its right to raise that claim or defense in a subsequent action.[8]

The court finds that plaintiff's claims against the Town of St. Joseph and Mayor Brown, even after the judgment was annulled lie in the state court, and that the instant law suit is barred under the

---

[6]  Kaspar Wire Aorks, Inc. v. Leco Engineering & Mach. Inc., 575 F.2d 530, 535 (5th Cir. 1978).

[7]  Eubanks v. Federal Deposit Ins.Corp., 977 F.2d 166, 169 (5th Cir. 1992).

[8]  See Kaspar Wire Works, Inc. 575 F.2d at 535 (5th Cir. 1978)(the effect of a judgment extends to the litigation of all issues relevant to the same claim between the same parties, whether or not raised at trial.)  See also Allen v. McCurry, 449 U.S. 90, 94 101 S.Ct. 411, 411 (1980)(claim preclusion applies to claims that "were or could have been raised" in a prior action that involved "the parties or their privies" when the prior action had been resolved by "a final judgment on the merits.").

doctrine of res judicata; specifically, the conditions for res judicata and/or claim preclusion are met.

## **CONCLUSION**

Based on the foregoing, the motion to dismiss will be granted and the matter will be dismissed as barred by res judicata.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this __11th__ day of June, 2013.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

7