UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **IVAN WEBB** | * | **CIVIL ACTION NO. 12-2644** |
| **VERSUS** | * | **JUDGE DONALD E. WALTER** |
| **TOWN OF ST. JOSEPH AND EDWARD BROWN** | * | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM ORDER**

Before the undersigned magistrate judge, on reference from the District Court, is a motion to disqualify opposing counsel [doc. # 52] filed by plaintiff Ivan Webb. The motion is opposed. For reasons assigned below, the motion is DENIED.[1]

**Background**

On October 4, 2012, Ivan Webb filed the instant civil rights complaint under 42 U.S.C. § 1983 against the Town of St. Joseph and its mayor, Edward Brown.[2] Webb alleges that defendants violated his due process rights under both the Fourteenth Amendment to the U.S. Constitution and Article I § 2 of the Louisiana Constitution, as well as his right to be free of excessive fines under the Eighth Amendment to the U.S. Constitution (insofar as it has been extended to the states via the Fourteenth Amendment), when they seized his property and his

---

[1] As this motion is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

[2] Plaintiff filed an amended complaint on February 26, 2013. (Pl. 1st Amend. Compl. [doc. # 24]).

salary to satisfy a $58,200 judgment entered against him for an ongoing violation of a municipal ordinance.³ Plaintiff seeks resulting economic, compensatory, and punitive damages.

On April 16, 2015, plaintiff filed the instant motion to disqualify opposing counsel Karl Koch from representing defendants at trial in this matter because plaintiff intends to call Mr. Koch as a witness. Defendants filed their opposition to the motion on May 13, 2015 [doc. # 58]; plaintiff filed his reply on May 22 [doc. # 63]. Accordingly, the matter is ripe.

## Law

Motions to disqualify are substantive motions; thus, they are decided pursuant to federal law. *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1311-12 (5th Cir. 1995). Courts must consider disqualification motions in the context of the "ethical rules announced by the national profession in the light of the public interest and the litigant's rights." *Id.* (citation omitted). In this district, the relevant ethical canons include "(1) the local rules for the Western District of Louisiana; (2) the American Bar Association's ("ABA's") Model Rules of Professional Conduct; (3) the ABA's Model Code of Professional Responsibility; and (4) the state rules of conduct." *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 266 (5th Cir. 2001).⁴ In addition to the ethical precepts adopted by the profession, the court also must weigh the social interests at stake, including, "whether a conflict has (1) the appearance of impropriety in general, or (2) a possibility that a specific impropriety will occur, and (3) the likelihood of public suspicion from

---

³ The judgment eventually was reduced to $100 on appeal of a subsequent motion to annul judgment. *See Town of St. Joseph v. Webb*, 87 So. 3d 958 (La. App. 2d Cir. 2012).

⁴ The Western District has adopted the Louisiana Rules of Professional Conduct as promulgated by the Louisiana Supreme Court. *See* LR 83.2.4W.

the impropriety outweighs any social interests which will be served by the lawyer's continued participation in the case." *F.D.I.C., supra* (citation omitted).

      The ABA's Model Rules of Professional Conduct provide, in pertinent part, that

> (a)     A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a **necessary** witness unless:
>
> (1)     the testimony relates to an uncontested issue;
>
> (2)     the testimony relates to the nature and value of legal services rendered in the case; or
>
> (3)     disqualification of the lawyer would work substantial hardship on the client.

ABA MODEL RULES OF PROF'L CONDUCT 3.7(A) (emphasis added).[5]

The foregoing rule is not implicated, however, unless the lawyer is "likely to be a necessary witness . . . [i.e.] one whose testimony is relevant, material, and unobtainable elsewhere." *Painter v. Suire*, Civ. Action No. 12-0511, 2014 WL 3858510, at *2 (M.D. La. Aug. 5, 2014) (citation omitted). Likewise, if a lawyer's testimony is cumulative, then he or she is not a necessary witness. *Horaist, supra*.

      In addition, the ABA's Model Code of Professional Responsibility states that,

> (A) - If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue the representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101(B) (1) through (4).
>
> (B) - If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a

---

    [5] Louisiana's rule is all but identical to the ABA rule. *Compare* LA. RULES OF PROF'L CONDUCT 3.7(A).

> witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.

ABA MODEL CODE OF PROFESSIONAL RESPONSIBILITY DR5-102.

Testimony is considered prejudicial if it is so adverse to the client's side that the client might have an interest in discrediting the testimony. *Horaist, supra* (addressing prejudice under former Rule 3.7(c) of the ABA and Louisiana rules of professional conduct) (citation omitted). Nevertheless, "when the attorney's participation as both lawyer and witness stands to prejudice only his own client, the opposing attorney should have no say in the matter." *Horaist*, 255 F.3d at 267.

## Analysis

In his opening memorandum, plaintiff's counsel stated that he intended to question Mr. Koch regarding preparation of the judgment, the circumstances thereof, how the $58,200.00 amount was determined, who determined that the $100.00 fine should be a per day fine, and whether or not Mr. Webb, or his counsel, was notified of the proposed judgment. (Pl. Memo., pg. 4). In response, defendants adduced evidence (court transcripts and judgment) that answered these questions. *See* Opp. Memo., Exhs. 1-4. Thus, his testimony as to these matters would be cumulative and unnecessary.

In his reply memorandum, plaintiff shifted his proposed areas of inquiry to include whether Koch had knowledge of the $500.00 jurisdictional limit of the Mayor's Court, whether he informed the 6th Judicial District Court of this jurisdictional limit, whether he intentionally misled the 6th Judicial District Court to believe that there was no reason for the Town to charge each offense separately, and whether he believed that the $58,200.00 judgment that he prepared

for the 6th Judicial District Court was facially valid considering the $500.00 jurisdictional limit on the Mayor's Court. (Pl. Reply Memo., pgs. 3-4).

The court emphasizes, however, that Mr. Koch is not a defendant in this case. Moreover, his state of mind is irrelevant. Municipal prosecutors are entitled to absolute prosecutorial immunity from § 1983 damage claims. *Melton v. Frank*, 114 F.3d 1184 (5th Cir. 1997). Indeed,

> [c]ourts have long recognized that a litigant dissatisfied with the outcome of judicial proceedings will oftentimes accuse his adversaries of constitutional infirmities. Because controversies sufficiently intense to erupt in litigation are not easily capped by a judicial decree . . . the common law provided absolute immunity from subsequent damages liability for *all* persons—governmental or otherwise—who were integral parts of the judicial process.

*Valdez v. City & Cnty. of Denver*, 878 F.2d 1285, 1289 (10th Cir. 1989) (internal citations and quotation marks omitted).

Therefore, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S. Ct. 2606, 2615 (1993). Further, a "prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Kerr v. Lyford*, 171 F.3d 330, 337 (5th Cir. 1999), abrogated on other grounds by *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003) (citations and internal quotation marks omitted).[6] Also, an officer

---

[6] On Webb's appeal of the district court's denial of his motion to annul judgment, the Louisiana second circuit maintained that "[t]he mayor's court clearly had subject matter jurisdiction to institute and adjudicate the violation of the ordinance in this case. Likewise, the district court had jurisdiction to hear the appeal of this matter by trial *de novo*." *Town of St. Joseph*, 87 So. 3d at 962. The court also acknowledged that, as of the time of its decision, the fine was in the posture of being enforced in the civil court, criminal court, or both. *Town of St.*

retains absolute immunity for complying with facially valid court orders even when he is aware that there is no legal cause for the order or writ. *Mays v. Sudderth*, 97 F.3d 107, 113 (5th Cir. 1996).

In addition, "under § 1983, local governments are responsible only for their *own* illegal acts. They are not vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson*, ___ U.S. ___, 131 S. Ct. 1350, 1359 (2011) (citations and internal quotation marks omitted). Thus, Mr. Koch's actions or inactions will not automatically be attributed to the city. Rather, plaintiffs who seek to impose liability on local governments under § 1983 must prove that their injuries were caused by official municipal policy, i.e., "the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick, supra*. Although, in limited circumstances, a local government can be liable under § 1983 for failure to train an employee, the failure to train must amount to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." *Id*.

Without a showing that Koch was acting pursuant to official municipal policy, his motivation remains irrelevant. Furthermore, plaintiff has not established that the evidence could not be obtained from another source, e.g., the mayor of St. Joseph or the presiding state court judge. Also, given that there is no vicarious liability under § 1983, there is no indication that Mr. Koch's testimony, even if it were material and relevant, would prejudice his clients. Thus, the

---

*Joseph*, 85 So. 3d at 963, n4.

various ethical standards do not require disqualification of defense counsel. Moreover, plaintiff has not advanced any social interests that would compel a different outcome.

## Conclusion

For the above-stated reasons,

IT IS ORDERED that the motion to disqualify opposing counsel [doc. # 52] filed by plaintiff Ivan Webb is hereby DENIED.

IT IS FURTHER ORDERED that within 7 days from the date of this order, defendants shall file their answer to the complaint, as amended.

In Chambers, at Monroe, Louisiana, this 4th day of June 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE