RECEIVED
FEB 17 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY: _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| IVAN WEBB | : | NO: 3:12-CV-02644 |
| VERSUS | : | JUDGE DONALD E. WALTER |
| TOWN OF ST. JOSEPH, and EDWARD BROWN | : | MAGISTRATE JUDGE KAREN HAYES |

## ORDER

On October 30, 2015, defendants Town of St. Joseph and Edward Brown ("defendants") filed a suggestion of death upon the record pursuant to Federal Rule of Civil Procedure 25(a)(1). [Doc. #82]. The pleading stated that the plaintiff, Ivan Webb, passed away on or about September 29, 2015. *Id.* In the attached certificate of service, counsel for defendants stated that a copy of the suggestion of death had been "served on all counsel of record" via the court's electronic filing system. *Id.* Case law suggests, however, that the party who files a suggestion of death upon the record must serve that pleading upon a nonparty successor or representative of the deceased. *E.g., Sampson v. ASC Indus.*, 780 F.3d 679 (5th Cir. Mar. 13, 2015). Additionally, service upon a nonparty succession representative[1] must be in accordance with Fed. R. Civ. P. 4. *Id.* at 681. If proper service is made on the succession representative, and no motion to substitute is made within 90 days of such service, then the case must be dismissed. *Id.* at 681.

---

[1] The capacity of an individual to sue or be sued is determined by the law of the individual's domicile. Fed. R. Civ. P. 17(b). Except as otherwise provided by law, the succession representative is the proper plaintiff to sue to enforce a right of the deceased or of his succession while the succession is under administration. La. Code Civ. P. art. 685; *see also, e.g., Harris v. Steele*, 506 So. 2d 542, 544 (La. App. 1st Cir. 1987) (the proper party plaintiff to enforce the rights of a deceased person, is the succession representative).

In this case, there is no evidence that defendants served the suggestion of death on plaintiff's succession representative or that service was perfected in accordance with Rule 4. Thus, the mere filing of defendants suggestion of death did not trigger Rule 25's 90-day period to substitute a party for the deceased plaintiff. *See Sampson*, 780 F.3d at 679.

Accordingly:

**IT IS ORDERED** that, within 30 days of the date of this order, defendants provide proof that service of the suggestion of death, [Doc. #82], has been made in accordance with the requirements of Rules 4 and 25, or to notify the court in writing regarding its efforts to make such service;

**IT IS FURTHER ORDERED** that this matter be and hereby is **STAYED** until a plaintiff is substituted or the proper time period for such substitution has lapsed;

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 17 day of Feb, 2016.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE