U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

MAY - 9 2016

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| IVAN WEBB | : | NO: 3:12-CV-02644 |
| VERSUS | : | JUDGE DONALD E. WALTER |
| TOWN OF ST. JOSEPH, and EDWARD BROWN | : | MAGISTRATE JUDGE KAREN HAYES |

### MEMORANDUM ORDER

Before the court are two submissions filed by defendants Edward Brown and the Town of St. Joseph (collectively, "defendants"). [Docs. ##84, 85]. These documents were filed in response to the court's order dated February 17, 2016, in which the court requested information regarding service of the statement noting the death of former plaintiff Ivan Webb ("the decedent"). [Doc. #83].

As a preliminary matter, the court acknowledges that its previous order mistakenly suggested that a succession representative is the only proper party to substitute for a deceased plaintiff under Louisiana law. *Id.* at 1, n. 1. The court neglected to discuss article 801 of the Louisiana Code of Civil Procedure, which provides that if there is no succession under administration in Louisiana, the right to maintain a decedent's suit passes to the decedent's heirs (in an intestate succession) or the decedent's legatees (in a testate succession). LA. CODE CIV. PROC. ANN. art. 801 (2011); *see also* LA. CIV. CODE ANN. arts. 873–876 (2000). Defendants claim that there is no succession under administration in Louisiana, and that all indications are that decedent died intestate. [Doc. #84-1, pp. 2–3]. Defendants also claim, and the obituary appears to confirm, that the decedent was survived by two daughters, a brother, and

a sister. [Doc. #84, p. 3; Doc. #84-1, p. 5]. Therefore, assuming the above information is accurate, the decedent's daughters would be his heirs and legal successors under Louisiana law. LA. CIV. CODE ANN. arts. 880, 888 (2000); LA. CODE CIV. PROC. ANN. art. 801(2) (2011).

Turning to the submissions before the court, defendants have suggested that the 90-day deadline for filing a motion to substitute under Fed. R. Civ. P. 25(a)(1) began to run when the suggestion of death was filed on October 30, 2015. [Doc. #84, p. 3]. Defendants point to a 2001 decision out of the District of Connecticut, which held that the executrix of a deceased plaintiff's estate was not required to be served because, at the time the suggestion of death was filed, the defendant did not have notice of who the executrix was. *George v. United States*, 208 F.R.D. 29, 31–32 (D. Conn. 2001). The Seventh Circuit later recognized the *George* court's holding as an "exception" to Rule 25's personal service requirement, although it found the exception inapplicable in that case because the notice of death had been filed by the deceased plaintiff's own counsel and not the opposing party. *Atkins v. City of Chicago*, 547 F.3d 869, 873–74 (7th Cir. 2008). Here, relying on *George* and *Atkins*, defendants argue that "[i]t is unclear whether, in the absence of an appointed succession representative, there is any requirement for the defendants to serve or attempt to serve any other person." [Doc. #84, p. 4].

The court considers the explicit language of Rule 25 to be directly contrary to defendants' argument. Rule 25(a)(3) provides that a suggestion of death must be <u>served</u> on nonparties in accordance with Rule 4, and Rule 25(a)(1) states in no uncertain terms that the 90-day deadline begins to run upon <u>service</u>. The Fifth Circuit has held that Rule 25 means what it says. *Sampson v. ASC Indus.*, 780 F.3d 679 (5th Cir. 2015). Neither Rule 25 nor *Sampson* suggest that service is not required when there is no succession opened or when a defendant is not provided notice of

who the decedent's successor is. Accordingly, the court declines to adopt the non-binding reasoning of *George* and *Atkins*. At least one court has noted that the *George* decision is "contrary to the plain language of [Rule 25] and wholly inequitable." *In re C.R. Stone Contractors, Inc.*, 462 B.R. 6, 19 (Bankr. D. Mass. 2011). The court agrees. Service on a nonparty "alerts the nonparty to the consequences of death for a pending suit, signaling the need for action to preserve the claim if so desired." *Sampson*, 780 F.3d at 681 (quoting *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985)). Even *Atkins*—which recognized the *George* exception but did not apply it—correctly noted that service on a nonparty successor is of the "greatest importance" when it is the opposing party that files the suggestion of death. *Atkins*, 547 F.3d at 869. Adopting the holding of *George* would allow defendants to skirt the requirements of Rule 25 and gain an unfair tactical advantage, because defendants could simply obtain dismissal by rushing to file a suggestion of death before a decedent's successor has been identified. *See In re C.R. Stone*, 462 B.R. at 19.

Although identifying and serving the appropriate successor may sometimes be difficult, requiring service ensures that actions are not inequitably dismissed when there is no fault or inaction on the part of the nonparty successor. As the Fourth Circuit explained in *Farris*:

> Personal service on the successor or representative is hardly an onerous burden where, as here, the administratrix had already been appointed when service occurred. In some instances, it may prove more difficult to determine whom to serve, . . . but it is generally appropriate to require the serving party to shoulder that burden, rather than permitting the absence of notice to decedent's representative to lead to forfeiture of the action. Absent personal service, there is no reason to presume that the successor or representative, who must decide whether to pursue the claim, is aware of the substitution requirement.

*Fariss*, 769 F.2d at 962 (citations omitted). In this case, although the lack of an identified succession representative has made service more difficult, defendants appear to have identified

and located the decedent's heirs and legal successors, so there is no basis for the court to waive Rule 25's service requirement. And as there has still been no showing that the legal successors have been served in accordance with Rule 4, there is no evidence that the 90-day clock has begun to tick.[1]

However, the court appreciates defendants' diligent efforts to locate and serve the decedent's daughters and recognizes that the difficulties defendants have encountered may not be of their own making. [Docs. ##83, 84]. Defendants claim that they have located the daughters but have not been able to serve them or their mother (with whom at least one of the daughters, who is a minor, resides). *Id.* According to defendants, the mother has stated that she has been in contact with counsel for the decedent, and that counsel advised her not to accept service. [Doc. #84, p. 2]. The court finds these claims to merit the court's intervention. If indeed counsel for the decedent has been deliberately delaying matters, such action needs to be explained, and soon. The status of this case has been unclear since the decedent's passing over six months ago, and the issue of whether the decedent's legal successors will continue to prosecute this action must be resolved. Under the circumstances of this case, it is prudent and legally proper for counsel for the decedent to allow the court and the defendants to move this matter forward. *See Atkins*, 547 F.3d at 869 (recognizing that "for obvious practical reasons" an attorney for a deceased client is authorized to take appropriate action when the circumstances of his client's death are such that it is unclear who, if anyone, is the appropriate person to substitute). That

---

[1] Defendants point out that they sent a copy of the notice of death to the decedent's daughters via FedEx, but they admit that this not a proper method of service under Rule 4. [Doc. #84, p. 6]. The court declines to hold that such service is appropriate, the only authority for that proposition being a non-binding decision from the Eastern District of New York which overlooks that the requirements of Rule 4 are explicitly mentioned in Rule 25(a)(3). *See Boddie v. Evans*, No. 08-CV-911, 2011 WL 1085159 at *3 (E.D.N.Y. Mar. 21, 2011).

being said, defendants are encouraged to continue their efforts to serve the decedent's legal successors in accordance with Rule 4. If defendants are successful in completing service and file sufficient proof thereof, the court will consider the 90-day window to have begun.

Accordingly:

**IT IS ORDERED** that counsel of record for the decedent, Mr. J. Arthur Smith, III, file a declaration on the record within **14 days** from the date of this order. Failure to file this declaration may result in appropriate sanctions. In the declaration, Mr. Smith shall provide the following information to the best of his knowledge:

(a) whether a succession proceeding has been opened or will be opened in Louisiana, and, if applicable, the identity of the succession representative;

(b) if no succession has been opened, whether the decedent's daughters are indeed the decedent's legal successors, and if not, the identity and location of the decedent's legal successors;

(c) whether Mr. Smith represents the decedent's legal successors and what the nature of his contact with the decedent's daughters and their mother was (if any);

(d) if Mr. Smith does represent the decedent's legal successors, whether he will accept service on their behalf, or whether they will waive personal service; and

(e) whether and when he will move to be substitute a legal successor of the decedent as a plaintiff in this action.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 9 day of May, 2016.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE