UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

IVAN WEBB                                    CIVIL ACTION NO: 12-02644

VERSUS                                       JUDGE DONALD E. WALTER

TOWN OF ST. JOSEPH AND                       MAG. JUDGE KAREN L. HAYES
EDWARD BROWN

## MEMORANDUM RULING

Before the Court are the following two motions: Motion for Partial Summary Judgment, filed by Plaintiff Ivan Webb ("Plaintiff") [Doc. #66]; and Motion for Summary Judgment, filed by Defendants the Town of St. Joseph, Louisiana ("St. Joseph") and Edward Brown, the Mayor of St. Joseph ("the Mayor") (collectively, "Defendants") [Doc. #67].[1] For the reasons that follow, Defendants' motion [Doc. #67] is **GRANTED**, and Plaintiff's motion [Doc. #66] is **DENIED**.

## STATEMENT OF THE CASE

Plaintiff filed this lawsuit, pursuant to 42 U.S.C. §1983, alleging violations of his rights under the Fourteenth and Eighth Amendments to the United States Constitution. Plaintiff maintains that Defendants violated his Fourteenth Amendment due process rights by (1) charging him with parking a mobile home on his father's property without a permit for 582 days when the ticket noted a violation of only one day; (2) invoking the court's process in obtaining a judgment against him for a fine of $58,200; and (3) enforcing the judgment by seizing his property and withholding his salary as an alderman for the Town of St. Joseph. Plaintiff asserts Defendants violated his Eighth Amendment right to be free from excessive fines because the $58,200 fine was disproportionate to

---

[1] Plaintiff's motion to strike Defendants' motion for summary judgment [Doc.#68] as untimely is **DENIED**.

the offense.[2]

### Facts and Procedural History[3]

In November of 2006, Plaintiff obtained a permit to place one mobile home on his father's property in St. Joseph. Plaintiff then placed a second mobile home on the property without obtaining a second permit. On February 7, 2007, St. Joseph, through its Chief of Police, issued a ticket to Plaintiff for placing the second mobile home on the property in violation of Section 19-13 of St. Joseph's ordinances that "no building or other structure shall be built or constructed in the Town of St. Joseph without there being obtained a permit from the Mayor and Board [.]" Trial on the ticket was held before the Mayor's Court of St. Joseph on October 25, 2007.[4] The Mayor's Court found that Plaintiff violated the ordinance and rendered a judgment against Plaintiff for a fine of one hundred dollars ($100) per day, beginning February 14, 2007, and until such time as the trailer was removed from the property.

Plaintiff appealed the decision to the 6th Judicial District Court of Louisiana ("district court"). On appeal, Plaintiff challenged whether he could be fined for violating the town ordinance for 582 days when the ticket only alleged he violated the ordinance for one day – February 7, 2007. The district court held a trial de novo on September 18, 2008, and ruled in favor of St. Joseph. The judgment ordered Plaintiff to pay St. Joseph a fine totaling $58,200 (representing $100 per day, for 582 days, beginning February 14, 2007, through the date of the district court trial). Plaintiff appealed

---

[2] To the extent Plaintiff contends that Defendants have also violated his right to be free of excessive fines under article I, section 20 of the Louisiana Constitution, the analysis herein applies with equal force.

[3] The facts of this case are largely undisputed. *See generally* Doc. #66-1 (Plaintiff's statement of uncontested facts) and Doc. #73-2 (Defendants' statement of contested material facts). Pursuant to Local Rule 56.1, the moving party shall file a short and concise statement of the material facts as to which it contends there is no genuine issue to be tried. Local Rule 56.2 requires that a party opposing the motion for summary judgment set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

[4] The Louisiana Supreme Court appointed Judge Glynn D. Roberts to preside in place of Mayor Brown.

the district court's judgment to the state appellate court, but the appeal was dismissed due to Plaintiff's failure to pay appeal costs.

From October 2010 to October 2012, St. Joseph withheld the wages Plaintiff earned as an elected alderman ($500 per month) in order to satisfy the outstanding judgment. St. Joseph also secured a writ of *fieri facias* from the district court, which authorized it to seize and sell two local properties that belonged to Plaintiff. In December 2010, Plaintiff filed a Motion to Annul Judgment and Stay Proceedings in the district court. Because the action originated in the Mayor's Court which is limited to issuing fines of $500 or less, Plaintiff contended the district court's judgment imposing a $58,200 fine was an absolute nullity. The district court denied the motion.

On May 17, 2011, Plaintiff filed a motion for suspensive appeal in Louisiana's Second Circuit Court of Appeal ("circuit court"). In March 2012, the circuit court annulled the district court's judgment, holding that the $58,200 fine was illegal under Louisiana law because it fined Plaintiff for 582 violations of the town ordinance when the charging document (the ticket) noted only one violation.[5] As a result, the circuit court reduced Plaintiff's fine to $100. Furthermore, Plaintiff regained possession of one of the previously seized lots, and was reimbursed $792 for the second lot, which had been sold at auction. Although Defendants continued to withhold Plaintiff's alderman's wages until October 2012, all withheld wages were ultimately returned in February 2013.

According to Plaintiff, the Mayor and St. Joseph violated his constitutional rights by bringing an illegal suit against him, and withholding his alderman's wages in contravention of the circuit court's decision. Plaintiff alleges he incurred economic damages; mental and emotional anguish and distress; loss of self-esteem and enjoyment of life; and lost wages as a result of Defendants' actions. Thus, Plaintiff requests reasonable economic and compensatory damages for these injuries under

---

[5] *See Town of St. Joseph v. Webb*, 46-923 (La. Ct. App. 2 Cir. 3/14/12); 87 So. 3d 958, 963.

3

Section 1983. Plaintiff further requests an award of punitive damages against the Mayor to deter him from committing constitutional violations in the future.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) directs that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[6] An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue can be resolved only by a trier of fact because it may be resolved in favor of either party. *Id.* at 248-49. A fact is "material" if it can "affect the outcome of the suit under the governing law." *Id.* Facts that are irrelevant or unnecessary for determination of the suit should not be considered. *Id.* The substantive law will determine which facts are "material." *Id.*

The burden of proof in a summary judgment proceeding is on the party moving for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). When a defendant moves for summary judgment on the plaintiff's claim, he may satisfy the summary judgment burden in one of two ways: (1) by showing there is no evidence to support an essential element of the plaintiff's claim, or (2) by submitting summary judgment evidence that negates one of the essential elements of the plaintiff's claim. *Celotex*, 477 U.S. at 322-24; *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). If the motion is properly made, the plaintiff "must set forth facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. The plaintiff "must

---

[6] Rule 56 was amended effective December 1, 2010. Per the comments, the 2010 amendment was intended "to improve the procedures for presenting and deciding summary-judgment motions and to make the procedures more consistent with those already used in many courts. The standard for granting summary judgment remains unchanged." Therefore, the case law applicable to Rule 56 prior to its amendment remains authoritative, and this court will rely on it accordingly.

go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted). The court is to resolve all reasonable doubts about the facts in favor of the plaintiff. *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 456 (5th Cir. 2005).

## LAW AND ANALYSIS

At issue in the parties' cross motions for summary judgment is whether there is sufficient evidence to sustain Plaintiff's Section 1983 claim against St. Joseph and the Mayor.

### Suit Against Mayor Brown

Plaintiff contends that the Mayor violated his due process rights by withholding his alderman's salary.  Presumably, Plaintiff filed suit against the Mayor in both his individual and official capacities, although this distinction is not briefed. The Mayor maintains he cannot be held liable in an individual capacity because, as a state official, he is entitled to qualified immunity. Qualified immunity shields federal and state officials from money damages and "gives government officials breathing room to make reasonable but mistaken judgments about open legal questions . . . . [I]t protects all but the plainly incompetent who knowingly violate the law." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011).  Additionally, "[p]laintiffs suing governmental officials in their individual capacities . . . must allege specific conduct [and] facts giving rise to a constitutional violation." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). Plaintiff does not allege specific facts or conduct showing that the Mayor knowingly, rather than mistakenly, withheld his alderman's salary in violation of the law. Furthermore, Plaintiff's withheld wages were returned to him in full in February 2013, rectifying any mistake that occurred. Thus, the Mayor enjoys qualified immunity and cannot be sued in his individual capacity.

Official capacity suits "generally represent only another way of pleading an action against

an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell v. Dept't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 n.55 (1978)). Therefore, this lawsuit, as it relates to the Mayor in his official capacity, is essentially one and the same as the action against St. Joseph.

### Suit Against St. Joseph

Municipalities are considered persons subject to liability for purposes of Section 1983. *Monell*, 436 U.S. at 691. Municipal liability under Section 1983 requires proof of three elements: (1) a policymaker, (2) an official policy, and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*, 436 U.S. at 694).

"[O]ur first inquiry in any case alleging municipal liability under §1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Furthermore, "[e]ach and any policy which allegedly caused constitutional violations must be specifically identified by a plaintiff," so it may be determined whether the policy is facially constitutional or unconstitutional. *Piotrowski*, 237 F.3d at 579. For purposes of Section 1983, a policy is "[a] policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority." *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (per curiam). A custom amounting to policy may be established by a "persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents a municipal policy." *Id.* Rarely, a plaintiff may establish the existence of a

policy based on an isolated decision made by an authorized policymaker who possesses "final policymaking authority" for the action in question. *Brown v. Bryan Cty., Okla.,* 219 F.3d 450, 461 (5th Cir. 2000).

In the case at bar, Plaintiff does not identify any municipal policy or custom as the moving force behind a constitutional violation. Rather, Plaintiff alleges that the attorney for St. Joseph exercised final policymaking authority in preparing and enforcing the district court's judgment against him in violation of his constitutional rights. Thus, the question before this Court is whether St. Joseph's attorney is an official whose decisions represent municipal policy. "[W]hether a particular official has final policymaking authority is a question of *state law.*" *Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 737 (1989) (internal quotations omitted) (emphasis in the original).

Regarding the role of a municipal attorney, Louisiana law states:

> The mayor, subject to confirmation by the board of aldermen, may appoint and fix compensation for an attorney at law for the municipality, whose duties in such capacity may include representation of all municipal officers as defined by R.S. 33:381(A) in actions against them in connection with and arising out of their functions as such officers, and other duties as prescribed by the mayor. The municipality may also employ counsel to represent its interest should the occasion require.

La. Rev. Stat. 33:386(C). The statute creating a municipal attorney's position does not identify the attorney as the final repository of any policymaking authority. Rather, the statute makes clear that the municipal attorney is to act in a representative capacity, and answers to the mayor and municipal officers. The Fifth Circuit has also noted that "[c]ity policymakers not only govern conduct; they decide the goals for a particular city function and devise the means of achieving those goals." *Bennett v. City of Slidell,* 728 F.2d 762, 769 (5th Cir. 1984). Plaintiff has made no showing that St. Joseph's attorney decided goals for St. Joseph or created any policy affecting the

town at large. Moreover, Plaintiff has failed to allege sufficient facts showing that St. Joseph delegated policymaking authority to its municipal attorney. While it is true that a municipal attorney may make strategic decisions during litigation, "the delegation of policymaking authority requires more than a showing of mere discretion or decisionmaking authority on the part of the delegee." *Id.* In this case, St. Joseph's municipal attorney clearly does not meet the definition of a final policymaker. Thus, the attorney's decisions do not equate to official municipal policy. Because Plaintiff has failed to identify a policy as the cause of his constitutional deprivation, no municipal liability can attach.

<u>**CONCLUSION**</u>

For the reasons stated herein, Defendants' Motion for Summary Judgment [Doc. #67] is hereby **GRANTED**. Plaintiff's Motion for Partial Summary Judgment [Doc. #66] is hereby **DENIED**.

**IT IS FURTHER ORDERED**, in light of the Court's ruling on Defendants' Motion for Summary Judgment, Plaintiff's Appeal of Magistrate Judge Decision [Doc. #70] is hereby **MOOT**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this ___ day of March, 2017.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE